IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS CANBY, JOHN COLLINS, GEORGE DEMERTSIDIS, SEAN FENNESSY, MICHAEL FLAHERTY, WALTER FLORES, DANIEL GARITI, JOSHUA KOWALCZYK, JASON LAMBERT, KAREN O'SHEA, DOMINIC PACINI, DANIEL PAWLOWSKI, HEATHER PEACE, JOHN PETTINGER, LORI TIMOTHY, JOSHUA WISEMAN, AMY WRONSKI, and STEVEN ZAMBELLO, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a Municipal Corporation,<br><br>Defendant. | JURY DEMANDED<br><br>Case No. |

## COMPLAINT

NOW COME the Plaintiffs, NICHOLAS CANBY, JOHN COLLINS, GEORGE DEMERTSIDIS, SEAN FENNESSY, MICHAEL FLAHERTY, WALTER FLORES, DANIEL GARITI, JOSHUA KOWALCZYK, JASON LAMBERT, KAREN O'SHEA, DOMINIC PACINI, DANIEL PAWLOWSKI, HEATHER PEACE, JOHN PETTINGER, LORI TIMOTHY, JOSHUA WISEMAN, AMY WRONSKI, and STEVEN ZAMBELLO, (hereinafter referred to as "Paramedics") by and through their attorneys, JAC A. COTIGUALA and BRIAN D. MASSATT, and bring this action on behalf of themselves and all others similarly situated, to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b) (hereinafter "FLSA"). *See* Notices of Consent attached hereto as Group Exhibit A.

1

1.     Jurisdiction over Paramedics' claims is conferred on this Court pursuant to 29 U.S.C. § 216, 28 U.S.C. § 1331 and § 1337.

2.     Venue is proper pursuant to 29 U.S.C. § 1391 as Defendant, City of Chicago ("the City"), has its principal place of business and the events giving rise to the claims occurred within the geographic jurisdiction of this Court.

### Count I – FLSA

Plaintiffs on behalf of themselves, complain against Defendant as follows:

3.     At all relevant times, the City, has been a public agency, an employer, and an enterprise "engaged in commerce" as defined by Sections 3(d), (r) (s) and (x) of the Fair Labor Standards Act, 29 U.S.C §203.

4.     At all relevant times, The City employed plaintiffs to work as only paramedics within the Fire Department's Bureau of Emergency Medical Services, all in Chicago, Illinois. By virtue of their employment, Paramedics do not qualify for the overtime exemptions afforded to fire protection employees. 29 U.S.C. §207(k), 29 C.F.R. §553.210.

5.     Between January 1, 2009 and the present, Paramedics were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which each worked, in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207.

6.     At all relevant times, Paramedics were "employees" of the City as defined by Section 3(e) of the FLSA. 29 U.S.C. §203(e).

7.     The City paid Paramedics an annual salary for their regularly scheduled

shifts and an overtime payment of 1.5 times the contractual hourly rate for work performed outside their regularly scheduled shifts.

8. The City failed to include all remuneration when calculating Paramedics' regular rate of pay for FLSA overtime for hours worked in excess of 40 in a week.

9. The City paid Paramedics additional remuneration in the form of duty availability pay.

10. The City did not include duty availability pay in calculating Paramedics' regular rate of pay for FLSA overtime for hours worked in excess of 40 in a week.

11. The City paid Paramedics additional remuneration in the form of acting pay, driving pay, specialty pay and fitness pay.

12. The City failed to include acting pay, driving pay, specialty pay or fitness pay in calculating Paramedics' regular rate of pay for FLSA overtime for hours worked in excess of 40 in a week.

13. The City failed to properly calculate Paramedics' weekly remuneration when calculating plaintiffs' regular rate of pay for FLSA overtime for hours worked in excess of 40 in a week.

14. The City failed to properly calculate Paramedics' FLSA overtime for weeks where Paramedics worked or attended continuing education training outside of their regularly scheduled shifts.

15. A majority, if not every, platoon duty paramedic employee of the City was not paid overtime in accordance with the FLSA.

16. Paramedics' job duties and terms and conditions of employment, do not exempt Paramedics from the overtime and minimum wage requirements of the FLSA.

WHEREFORE, Paramedics pray that this Court enter judgment in Paramedics' favor and against the City, and that the City pay to Paramedics:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest as far back as a non-willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

### Count II – FLSA – WILLFUL

Paramedics on behalf of themselves, re-allege and restate paragraphs 1-16 above as if fully set forth herein.

17. Between January 1, 2009 and the present, Paramedics were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which each worked, in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207.

18. At all times relevant hereto the City either knew or in reckless disregard should have known that Paramedics performed duties for which they were not paid overtime, in accordance with the FLSA. The City knew or in reckless disregard should have known that Paramedics were entitled to overtime compensation under the FLSA. The City knew or in reckless disregard should have known that it violated and continues to violate federal law by paying Paramedics less than required by the FLSA for overtime worked.

19. The City previously resolved an FLSA lawsuit on behalf of paramedics, <u>Alex v. City of Chicago</u>, 29 F.3d 1235 (7th Cir., 1994). As a result of that lawsuit, the City was well aware that the overtime provision of the FLSA applies to Paramedics and that it should make its pay conform with the requirements of the FLSA.

20. The City willfully violated the FLSA by failing to pay the appropriate rate for all hours worked over 40 in a week to Paramedics as required. 29 U.S.C. §201 *et. seq.*

WHEREFORE, Paramedics pray that this Court enter judgment in their favor and against the City, and that the City pay Paramedics:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest for as far back as a willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

Respectfully submitted,

By: /s/ Jac A. Cotiguala
One of Paramedics' Attorneys

Jac A. Cotiguala
Brian D. Massatt
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
(312) 939-2100

Dated: January 31, 2012